ST. PAUL, J.
 

 This case involves only an issue of facts. The evidence was taken before Hon. Fred M. Odom, then judge of the Fourth judicial district court, but before he could decide the case he was elevated to the court of appeal, Second circuit, and the case was submitted to a judge ad hoc upon the record as made up before Judge Odom. The conclusions of fact of the judge ad hoc, therefore, do not carry that strong presumption of correctness which prevails as to issues of fact, where the trial judge has heard and seen the witnesses.
 

 
 *60
 
 I
 

 On March 18, 1919, plaintiff conveyed -to defendant his plantation, consisting of 205 acres of land valued at $35 per acre, say $7,175. The consideration given for the transfer was $500 cash, the assumption by defendant of all outstanding mortgages against the plantation, then amounting to $6,150, and the remission of an open account held by defendant against plaintiff for $832.43 (should be $743.33). The aggregate of all this ($500, plus $6,150, plus $743.33), to wit $7,393.33, amounts to $218.33 more than the value of the plantation.
 

 Pláintiff admits he received the $500 cash; he avers that the outstanding mortgages amounted to only $5,200; he further avers that the open account is totally incorrect in this, that plaintiff has failed to account to him for the proceeds of 45 bales of cotton valued at $7,050, subject to a credit for advances of $567.39, leaving a balance due him on the cotton of $6,482.61, and a further balance due him on the price of the plantation of $1,475 (being $7,175, less $ 5,700); and he brings this suit to recover from plaintiff the aggregate of these two balances ($6,482.61 plus $1,475), to wit $7,957.61.
 

 Il-
 

 ia) Plaintiff admits, as we have said, that he received the $500 in cash at the time of the sale.
 

 (b) The mortgage certificate shows that at the time of the sale (March 18, 1919) there were three mortgages resting on the plantation, to wit, one for $1,500, one for $3,600, and one for $500, all bearing-accrued interest from January 18, 1918, at the rate of 8 per cent, per annum. Thus the aggregate of the principal of these three mortgages amounted to $5,COO and 14 months interest thereon at 8 per cent, is $550, making the mortgage indebtedness then existing $6,150, as we said at the beginning.
 

 (c) Plaintiff admits (transcript 126) that on March 20, 1919, he received a detailed statement of his open account showing total charges of $3,734.11 (should be $3,644.62 [transcript 81]) and total credits of $2,901.29, leaving a balance due by him to defendant of $823.43 (should be $743.33); of which account he appears to have made no complaint until months afterwards.
 

 Ill
 

 As a witness in his own behalf plaintiff-challenged practically every item of the account against him, admitting only a few small items. On the other hand defendant’s bookkeeper proved every item thereon; and established to the satisfaction of the judge ad hoc that said account was correct in all respects, except as to two items which we will mention later on. And it was also established to the satisfaction of the judge ad hoc that all the cotton, much of which belonged not to plaintiff but to plaintiff’s tenants, had been fully accounted for.
 

 Accordingly the judge ad hoc denied all of plaintiff’s pretensions and rendered judgment, against defendant only for the aggregate amount of the two items above referred to, as follows, to wit:
 

 “It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, R. L. Yarborough, and against defendant, Hipp Marks, for the sum of Nine Hundred and Fifty-two & 50/100 Dollars ($952.50) with interest from judicial demand; same being for the amount of that certain check for $715 from 1-Iipp Marks to R. L. Yarborough, unaccounted for in so far as plaintiff having received the proceeds thereof, and for the amount of that certain note charged to plaintiff for a mule and which was paid together with the mule returned to defendant, the amount thereof being for the sum of $237.50.”
 

 
 *62
 
 .IV
 

 The judgment, as we may see, is therefore a judgment exclusively for two specific items. The defendant alone has appealed, and the plaintiff has not answered the appeal or asked for its amendment in any way. On the contrary, he says in his brief:
 

 “The plaintiff is willing, however, to abide by the judgment of the trial court which holds that he is entitled to recover of the defendant the sum of $952.50, the aggregate amount of the check and the value of a mule, which the Court held as not being accounted for.”
 

 It will therefore be seen that every thing else has passed out of the ease as it now stands in this court, and the only question remaining at present is whether the judge ad hoc correctly struck out of the open account these two items.
 

 V
 

 It is admitted that' the note of $237.50, given as the purchase price of a mule, is not a proper charge against plaintiff, the mule having been returned. But that is of no consequence in this case, for the amount thereof does not enter into the balance of $743.33 due by plaintiff to defendant. On March 18, 1919, the total charges against plaintiff amounted, as we have said, to $3,-644.62 (see transcript 81), and did not include any charge whatsoever of $237.50, whether for a mule or for a note or for anything else, said charges beginning October 24, 1917, and running to March 15, 1919 (transcripts 78, 79, So. 81). So that the balance of $743.33.due on March 20, 1919, was exclusive of any charge for a mule or for a note given for the price of any mule, whether due or not due. On the contrary, this amount ($237.50) was not charged against plaintiff until October 22, 1919, or more than seven months after a balance of $743.33 had been struck-(see transcript 81). And defendant, who admits that said note is not due by plaintiff, is not seeking to collect it, nor is he seeking to collect any of the other items charged against plaintiff after March 15, 1919, of which there are several. There is not the slightest doubt that said note does not form part of the balance of $743.33 due by plaintiff to defendant on March 20, 1919, and forming part of- the consideration which defendant gave plaintiff for the land.
 

 VI
 

 As to the cheek for $715 (should be $715.20) it does form part of said balance of $743.33, having been charged against plaintiff on the day it was given, to wit, on December 29, 1917 (transcript 78). But we have reached a different conclusion from that reached by the judge ad hoc as to the right to strike that check off the account. Copy of the check and of the indorsements thereon appear at page 27 of the transcript. It shows that the check was made payable to the order of plaintiff; that plaintiff (who can read but cannot write) indorsed it by making his cross-mark thereon in presence of, and witnessed by, defendant’s bookkeeper and plaintiff’s own brother-in-law; that the check was paid by the bank on that indorsement. See transcript 27.
 

 There is no pretense that defendant’s bookkeeper and plaintiff’s brother-in-law forged plaintiff’s cross-mark indorsement on the back of said check; and, notwithstanding that plaintiff swears that he never received the amount of the check, the fact remains that he received a check payable to his own order, that he indorsed it in blank, and that some one received the amount thereof on the strength of that indorsement. That is enough; it is quite immaterial what he did with the check after indorsing it in blank, whether he collected it himself, or had some one else to collect it for him, or gave it to some one else, or lost it; for the fact remains that defendant gave him the check so that he could get the money which it called for, and,
 
 *64
 
 by indorsing the check in blank, either he got the money himself or enabled some one else to get it; in either case defendant parted with the money which plaintiff either collected himself or enabled another to collect. We think this check was properly charged to plaintiff’s account.
 

 Decree
 

 The judgment appealed from is therefore reversed, and it is now ordered that plaintiff’s demands be rejected at his cost in both courts.